UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RENATA BOZEK, INETTA BURNS, )
and THERESA LISHAMER, )
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs, ) Case No. 15-cv-10
　　v. )
　　　　　　　　　　　　　　　　　) Judge John W. Darrah
WAL-MART STORES, INC., )
　　　　　　　　　　　　　　　　　)
　　　　　Defendant. )

# MEMORANDUM OPINION AND ORDER

Plaintiffs Renata Bozek, Theresa Lishamer and Inetta Burns bring this action against Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), alleging sex discrimination, in violation of Title VII of the Civil Rights Act. Wal-Mart has moved to sever Plaintiffs' claims for misjoinder pursuant to Fed. R. Civ. P. 21 or, alternatively, for separate trials, pursuant to Fed. R. Civ. P. 42(b). For the reasons discussed below, Wal-Mart's Motion is granted.

## BACKGROUND

Plaintiffs are all former class members of the national class action, *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, (9th Cir. 2010), which alleged that Wal-Mart discriminated against its female employees by failing to pay and promote them equally. On June 20, 2011, the United States Supreme Court decertified the *Dukes* class action, holding that the class allegations failed to satisfy the commonality requirement. *See Wal-Mart Stores, Inc. v. Dukes, et al.*, 131 S.Ct. 2541 (2011). After decertification, class members were given the opportunity to individually prosecute their claims for discrimination. On January 2, 2015, Plaintiffs filed this action. Wal-Mart has answered the Complaint but has not responded to Plaintiffs' discovery requests or served discovery, pending ruling on its present Motion.

The following facts are drawn from the Complaint's allegations and are assumed to be true for purposes of this Motion. All three Plaintiffs worked in Wal-Mart stores in Northern Illinois over differing time periods but with overlap for the years 2005 to 2008. Bozek was a Wal-Mart employee from 1992 to 2011; Burns from 2005 to the present; and Lishamer from 2001 to 2008. All three Plaintiffs allege that Wal-Mart discriminated against them by failing to promote and to pay them equally.

From 1992 through 2000, Bozek worked in Wal-Mart stores in Bridgeview, Darien and Hodgkins, Illinois. In 2000, Bozek was promoted from an hourly position into a Management-in-Training ("MIT") program, after which she was placed as an Assistant Manager in Bedford Park, Illinois. In 2004, she moved to a store in Bridgeview, Illinois. Bozek applied for upper management positions but was not promoted, even though less-qualified male employees were promoted to such positions. Bozek was also paid less than her male counterparts. Bozek left Wal-Mart in May 2011.

Burns was hired by Wal-Mart in 2005 and is a current employee. She was selected for Wal-Mart's MIT program in 2005 and placed as an Assistant Manager at a Wal-Mart store in Bradley, Illinois. Burns asked to be transferred to a newly opened store in Glenwood, Illinois, which was closer to her home, but was told she could not be transferred; a male employee later received the position Burns wanted. Burns stepped down to an Associate position and was transferred to the Glenwood store, but she was not promoted when she applied to be a Support Manager. She transferred to a Wal-Mart store in Beavercreek, Ohio and was not promoted at that store either. Burns was paid less than her male counterparts. Since March 2012, Burns has been a Personnel Training Coordinator in a North Carolina Wal-Mart store.

Lishamer was hired by Wal-Mart in 2001 as a cashier and inventory control specialist at a Wal-Mart in DeKalb, Illinois. Lishamer was interested in the MIT program but told by her

manager that she would never be promoted. Her male co-worker, however, received a promotion to the MIT program. Lishamer applied for management positions but did not receive them. Lishamer was later transferred to be a Department Manager of Stationery in St. Charles, Illinois, and successfully turned the department's performance around; however, she was still refused a promotion to the MIT program. Lishamer was not paid as much as her male counterparts.

## LEGAL STANDARD

Under Rule 20(a) of the Federal Rules of Civil Procedure, plaintiffs may join claims in one lawsuit if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a). If plaintiffs fail to satisfy either of these requirements, joinder is improper. *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000). Rule 21 provides that the court may not dismiss the action but may sever the misjoined claim or party at any time during the lawsuit. Fed. R. Civ. P. 21. Furthermore, "[e]ven if plaintiffs satisfy the requirements for permissive joinder under Rule 20(a), the court has discretion to sever a party at any time [ ] if doing so will increase judicial economy and avoid prejudice to the litigants." *Robinson v. Dart*, No. 13 C 1502, 2014 WL 222711, at *3 (N.D. Ill. Jan. 21, 2014) (citation and internal quotation marks omitted); *see also Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000) ("It is within the district court's broad discretion whether to sever a claim under Rule 21.").

The Seventh Circuit has not set forth a definitive statement as to what constitutes a single transaction for the purposes of the first requirement. *McDowell v. Morgan Stanley & Co.,* 645

3

F. Supp. 2d 690, 694 (N.D. Ill. 2009). Accordingly, district courts conduct the analysis on a case by case basis and have considered the following factors:

> [T]he time period during which the alleged acts occurred, whether the acts of discrimination are related, whether there were differing types of adverse employment actions, whether more than one type of discrimination is alleged, whether the same supervisors were involved, whether employees worked in the same department, whether employees were at different geographical locations, and whether a company-wide policy is alleged.

*Id.* (internal citations omitted); *see also Bailey*, 196 F.R.D. at 516.

## ANALYSIS

Wal-Mart argues that Plaintiffs' allegations fail to meet the requirement of Rule 20(a) because they were employed by Wal-Mart during different time periods, at different store locations, with different salaries and with different supervisors. Wal-Mart contends that each Plaintiff presents unique claims that have no relationship to each other and that Plaintiffs have failed to allege a company-wide policy of discrimination based on gender, pay and promotion. Plaintiffs respond that they have sufficiently alleged the same type of discrimination within Northern Illinois, during overlapping periods of time, and have alleged a company-wide policy of discrimination.

The case of *McDowell*, 645 F. Supp. 2d at 696-97, is instructive. In that case, five plaintiffs sued for employment discrimination, alleging that they all had been subjected to discrimination by their different supervisors. The court granted the defendant's motion to sever for misjoinder, holding that the plaintiffs had failed to allege that the supervisors' alleged discriminatory conduct was sufficiently linked as a "single, common transaction or occurrence." *Id.* at 697. The court observed that, even if the supervisors had engaged "in conduct similar to that of the other supervisors, . . . this does not mean that those supervisors engaged in related conduct." *Id.* at 696 (emphasis omitted). Without more allegations, such as that the individual supervisors acted in concert with or consulted with one another, this similar conduct did not rise

4

"to a sufficient level that would justify joining those defendants in a single action pursuant to Rule 20." *Id*.at 697.

Likewise, in *Bailey*, 196 F.R.D. at 518, the district court severed the five plaintiffs' claims for discrimination where the allegations involved different managers, time periods, and adverse actions. In holding that plaintiffs failed to meet the common transaction or occurrence requirement, the court stated:

> There is no evidence either of a discrete policy that affected each plaintiff or of any causal link between a common and identifiable wrongful act on part of the defendant and the adverse actions taken with respect to each plaintiff. Even further, no plaintiff alleges that there was any relationship between their terminations . . . . [T]heir claims do not allege any general discriminatory or illegal standard, policy or procedure.

*Id.* at 516. The court further held that plaintiffs' claims did not involve a common question of fact or law, finding that the same theory of law – race discrimination – by itself was insufficient to meet Rule 20(a)'s second requirement. *Id.* at 517. *See also Ramos v. Playtex Prods., Inc.*, No. 08 CV 2703, 2008 WL 4066250, at *3 (N.D. Ill. Aug. 27, 2008) (finding misjoinder because plaintiffs' allegations suggested similar conduct, not related conduct); *DirecTV, Inc. v. Delaney*, No. 03 C 3444, 2003 WL 24232530, at *4 (N.D. Ill. Nov. 20, 2003) (finding that although the defendants committed similar conduct, "because each defendant made different purchases and none of the named defendants is alleged to have acted in connection with any other, . . . the claims against these defendants are not logically related."); *Maclin v. Northern Telecom, Inc.*, No. 95 C 7485, 1996 WL 495558 (N.D. Ill. Aug. 28, 1996) (granting motion to sever where the discrimination took place at different times, involved different people, and was committed by different supervisors in different departments).

Here, Plaintiffs have not sufficiently alleged that the discrimination they allegedly suffered was linked to a common transaction or occurrence. Their allegations do not establish a company-wide policy of discrimination or that their accused supervisors acted in concert with

each other.  Rather, as in *Bailey* and *McDowell*, they have alleged different time periods, different supervisors, and different adverse actions.  Although Plaintiffs argue that they should be allowed discovery, their allegations make clear that their claims involve discrete acts that fail to satisfy the first requirement of Rule 20(a).  Likewise, Plaintiffs' claims of sex discrimination, by itself, are insufficient to satisfy the second requirement of Rule 20(b) that the claims involve a common question of fact or law.

Accordingly, Plaintiffs have not met the requirements of Rule 20(a), and their claims have been misjoined.  Pursuant to Rule 21, the proper remedy is to sever the Plaintiffs' claims into different cases.

## CONCLUSION

For the reasons stated above, Wal-Mart's Motion to Sever or, in the Alternative, to Require Plaintiffs' Claims Be Tried Separately [25] is granted.  Accordingly, Plaintiff Bozek is directed to file a First Amended Complaint within thirty days of this Order.  The claims of Plaintiffs Burns and Lishamer are dismissed without prejudice, and these two Plaintiffs are directed to file separate individual complaints within thirty days of this Order.

Date:  6/17/15

JOHN W. DARRAH
United States District Court Judge