UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RENATA BOZEK,                         )
                                        )
        Plaintiff,             )
    v.                          )
                                          )   Case No. 15-cv-10
WAL-MART STORES, INC.,        )
                                        )
        Defendant.         )   Judge John W. Darrah
                                        )

## MEMORANDUM OPINION AND ORDER

Plaintiff Renata Bozek filed a Complaint against Defendant Wal-Mart Stores, Inc.

("Wal-mart") for gender discrimination under Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e *et seq.* Defendant filed a Motion for Summary Judgment pursuant to Federal

Rule of Civil Procedure 56. For the reasons set forth below, Defendant's Motion for Summary

Judgment [77] is denied.

## LOCAL RULE 56.1

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts

as to which the party contends there is no genuine issue for trial." *Ammons v.*

*Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires the

nonmoving party to admit or deny every factual statement proffered by the moving party and to

concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v.*

*Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A nonmovant's "mere

disagreement with the movant's asserted facts is inadequate if made without reference to specific

supporting material." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). In the case of any

disagreement, the nonmoving party must reference affidavits, parts of the record, and other

materials that support his stance. Local Rule 56.1(b)(3)(B). To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact that relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). Pursuant to Local Rule 56.1(b)(3)(C), the nonmovant may submit additional statements of material facts that "require the denial of summary judgment."

A district court is entitled to expect strict compliance with Rule 56.1; substantial compliance is not enough. *Ammons*, 368 F.3d at 817. "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218 (7th Cir. 2015) (quoting *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009)).

**BACKGROUND**

As a preliminary matter, Defendant argues in its Reply that Plaintiff's responses to Defendant's Statement of Facts and Plaintiff's Statement of Additional Facts should be stricken. As noted above, substantial compliance with Local Rule 56.1 is not enough. To the extent that Plaintiff's responses to Defendant's Statement of Facts are not in strict compliance with Local Rule 56.1, the facts that are not properly disputed will be deemed admitted for the purposes of this motion. To the extent that Plaintiff's Statement of Additional Facts relies on inadmissible hearsay or is not supported by the cited material, those additional facts will also not be admitted

2

for the purposes of this Motion.[1]  Defendant also moves to strike several exhibits offered in support of Plaintiff's Statement of Additional Facts, arguing that the exhibits have not been authenticated or otherwise made admissible in evidence.  As noted by Defendant in its Reply, these documents were produced to Plaintiff by Defendant in this case, and as such, are self-authenticating and constitute admissions of a party opponent.  *See United States v. Brown,* 688 F.2d 1112 (7th Cir. 1982); *see also Architectural Iron Workers Local No. 63 Welfare Fund v. United Contractors, Inc.*, 46 F. Supp. 2d 769, 772 (N.D. Ill. 1999).  Defendant's motion to strike Plaintiff's exhibits is denied.

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.  Plaintiff resides in Orland Park, Illinois. (Compl. ¶ 6.)  She began her employment with Wal-Mart on March 21, 1992, at Store #1779 in Bridgeview, Illinois ("Bridgeview Store").  Prior to working for Wal-Mart, Plaintiff worked as coordinator of a graphic arts department and a deli manager.  Plaintiff's highest level of education was a year and a half of college.  (Dkt. 83 ¶ 6.)  Plaintiff was hired as an associate in the jewelry department at the Bridgeview Store.  (Dkt. 83 ¶ 7.)  Plaintiff was then promoted to Jewelry Department Manager.  Plaintiff was the Jewelry Department Manager until she began working as the Stationery Department Manager.  (Dkt. 83 ¶¶ 9, 10.)  Plaintiff worked at three other Wal-Mart stores in the sporting goods department as a manager, in the invoicing department, and in the pharmacy department.  (Dkt. 83 ¶¶ 11-13.)

---

[1] "A party may not rely on inadmissible hearsay to avoid summary judgment." *MMG Fin. Corp. v. Midwest Amusements Park, LLC*, 630 F.3d 651, 656 (7th Cir. 2011). With some exceptions, "hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial." *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

In 2001, Plaintiff was promoted to the Management in Training ("MIT") program and transferred to Store #1938 in Bedford Park, Illinois ("Bedford Park Store"), for training. (Dkt. 83 ¶ 14.) While attending the MIT program, Plaintiff alleges that she was sent to the backroom of the Bedford Park Store to prep for inventory while male employees were allowed to attend class. (Dkt. 83 ¶ 16.) After completing the MIT program, Plaintiff became an Assistant Manager at the Bedford Park Store. Plaintiff was then asked to transfer to the overnight shift and become a Night Receiving Assistant Manager. After working for six months as an Assistant Manager at the Bedford Park Store, Plaintiff applied for Co-Manager and Manager of Specialty Divisions for optical and loss prevention. Plaintiff was not selected for those positions. (Dkt. 83 ¶ 21.) At the time Plaintiff applied, Wal-Mart's Promotional Guidelines precluded promotions from Assistant Manager to Co-Manager unless the applicant had worked in his or her current store for one year. (Dkt. 83 ¶ 21.)

In 2002, Plaintiff spoke to Store Manager Mark Sanders to discuss pay disparities between male and female employees at Wal-Mart. Specifically, Plaintiff mentioned the disparity between her pay and the pay of two other male Assistant Managers at the Bedford Park Store (Landrus Cole and Manolete Rhem). In response to Plaintiff's concerns, Sanders told her that "we do not discuss pay." Plaintiff understood that comment to mean that Wal-Mart's policy was that employees were not to discuss their pay. (Dkt. 83 ¶ 42.)

In 2004, Plaintiff requested to move from her position as Night Receiving Assistant Manager at the Bedford Park Store to work as a Photo Manager at the Bridgeview Store. Plaintiff received a reduction in pay due to the move. (Dkt. 83 ¶ 43.) Plaintiff alleges that Wal-

Mart allowed male employees who were involuntarily demoted to retain their salaries, but reduced her salary when she voluntarily stepped down as Assistant Manager. (Dkt. 83 ¶ 44.)

While employed at the Bridgeview Store as Photo Manager, Plaintiff received two "coachings." A "coaching" is a disciplinary action that is either oral or written. When an employee receives a coaching, the employee becomes ineligible for a promotion or for a transfer to another store for one year. (Dkt 83 ¶ 48.) Plaintiff received these coachings on May 6, 2005 and July 12, 2005. (Dkt. 83 ¶¶ 49, 50.) After working a few months as Photo Manager, Plaintiff's position was eliminated, and she was placed in a lab tech position in the Vision Center. The lab tech position was an hourly position. (Dkt. 83 ¶ 51.)

In 2005, Plaintiff transferred to Store #1737 in Villa Park, Illinois ("Villa Park Store") to work as a Support Manager. While at the Villa Park Store, Plaintiff applied for two upper management positions in the Vision Center, three Assistant Manager positions in Wal-Mart Division 1, Supercenter, Neighborhood Markets, and three other unidentified Assistant Manager positions. (Dkt. 83 ¶ 52.) Director of Personnel Victoria Cadwell interviewed Plaintiff for an Assistant Manager position but determined that Plaintiff was not ready. Plaintiff also received an oral coaching for attendance and punctuality while at the Villa Park Store. (Dkt. 83 ¶¶ 52, 53.)

On December 12, 2008, Plaintiff applied for a Field Project Supervisor position while working as a Training Coordinator at Store #2215 in Darien, Illinois. She did not receive a position as a Field Project Supervisor. These positions were filled by Kenneth Lawrence, Kristopher McDonald, and Julie Smith. (Dkt. 83 ¶ 55.) In May of 2010, Plaintiff went on

medical leave.  Plaintiff was eventually terminated on May 11, 2011, because she failed to return from her leave of absence.  (Dkt. 83 ¶¶ 63, 64.)

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  Courts deciding summary judgment motions must view facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007).  A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party has the initial burden of establishing that there is no genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets this burden, "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial."  *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009).   Factual disputes do "not preclude summary judgment when the dispute does not involve a material fact."  *Burton v. Downey*, 805 F.3d 776, 783 (7th Cir. 2015).  The evidence must be such "that a reasonable jury could return a verdict for the nonmoving party."  *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## ANALYSIS

Title VII prohibits employers from discriminating based on "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a).  For employment discrimination claims, the question is "whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's

race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action." *Ortiz v. Werner Enterprises, Inc.,* 834 F.3d 760, 765 (7th Cir. 2016). Proof of intentional discrimination "is not limited to near-admissions by the employer that its decisions were based on a proscribed criterion." *Luks v. Baxter Healthcare Corp.,* 467 F.3d 1049, 1052 (7th Cir. 2006). Plaintiff can also establish proof of discrimination through circumstantial evidence, "which suggests discrimination albeit through a longer chain of inferences." *Id.* "In adjudicating a summary judgment motion, the question remains: has the non-moving party produced sufficient evidence to support a jury verdict of intentional discrimination?" *David v. Bd. of Trustees of Cmty. Coll. Dist. No. 508*, No. 15-2132, 2017 WL 129114, at *4 (7th Cir. Jan. 13, 2017). Plaintiff may establish a triable issue of intentional discrimination through circumstantial evidence using the burden-shifting framework created by *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973).

*Disparate Pay*

Plaintiff's Complaint alleges Wal-Mart discriminated against her by paying her less than similarly situated male employees. To show a *prima facie* case of gender discrimination under *McDonnell Douglas*, Plaintiff must show that: "(1) she is a member of a protected class; (2) she was meeting her employer's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly-situated male employees." *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 680 (7th Cir. 2002). It is undisputed that Plaintiff is a member of a protected class and that she met Wal-Mart's legitimate job expectations. (Dkt. 78.) Defendant argues that Plaintiff cannot show that she suffered an adverse employment action or that she was being paid less than similarly situated male

7

employees. For disparate compensation claims, a plaintiff must show she suffered an adverse

employment action in that she was paid a lower salary than a similarly situated nonprotected

class member. *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 274 (7th Cir. 2004). It follows

that if Plaintiff established that she was paid a lower salary than a similarly situated male

employee, she has established an adverse employment action.

Whether employees are similarly situated is a "flexible, common-sense, and factual"

inquiry. *Coleman v. Donahoe*, 667 F.3d 835, 841 (7th Cir. 2012). Relevant factors include

"whether the employees (i) held the same job description, (ii) were subject to the same standards,

(iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and

other qualifications—provided the employer considered these latter factors in making the

personnel decision." *Warren v. Solo Cup Co.,* 516 F.3d 627, 631 (7th Cir. 2008). "Whether a

comparator is similarly situated is usually a question for the fact-finder, and summary judgment

is appropriate only when no reasonable fact-finder could find that plaintiffs have met their

burden on the issue." *Id.* at 846–47.

Plaintiff identifies four male employees that she alleges are similarly situated but earned

a higher rate of pay than Plaintiff.[2] Defendant points to slight differences between Plaintiff and

the named male employees to support its claim that they are not similarly situated to Plaintiff.

---

[2] Defendant argues that Plaintiff cannot use two of the four named employees as comparators because she failed to name them in her Complaint, answers to interrogatories, or any of her disclosures. Plaintiff's Complaint does not name these employees, however, it does refer to Plaintiff's "male counterparts." This matter was previously part of a larger class action lawsuit against Defendant that was decertified in 2011. It is clear that Plaintiff developed evidence of these other comparators through the discovery process. The previous lawsuit, the discovery process, and the references in Plaintiff's Complaint were sufficient to provide notice to Defendant of Plaintiff's possible other comparators.

All four employees had the same position, with the same pay code, and worked at the same store as Plaintiff. As Assistant Managers subject to the same policies and procedures, these employees were presumably subject to the same standards and held the same job description as Plaintiff. While there are small disparities in work history, qualifications, or prior work experience, the requirement that employees be similarly situated is "not an unyielding, inflexible requirement that requires near one-to-one mapping between employees—distinctions can always be found in particular job duties or performance histories. . . ." *Humphries v. CBOCS W., Inc.*, 474 F.3d 387, 405 (7th Cir. 2007), *aff'd,* 553 U.S. 442, 128 S. Ct. 1951, 170 L. Ed. 2d 864 (2008). The employees "need not be identical in every conceivable way." *Coleman v. Donahoe*, 667 F.3d 835, 846 (7th Cir. 2012). A reasonable fact-finder could find that Plaintiff established a *prima facie* case of discrimination under Title VII, thus summary judgment of Plaintiff's disparate pay claim would be inappropriate.

*Failure to Promote*

Plaintiff contends that she was discriminated against when Defendant failed to promote her. In order to establish a prima facie case in a failure-to-promote context, the plaintiff must show that: (1) he belongs to a protected class; (2) he applied for and was qualified for the position sought; (3) he was rejected for that position; and (4) the employer granted the promotion to someone outside of the protected group who was not better qualified than the plaintiff. *Grayson v. City of Chicago*, 317 F.3d 745, 748 (7th Cir. 2003). Defendant argues that Plaintiff cannot establish that she was qualified for the Co-Manager and Manager positions that she applied for in 2001, but concedes that Plaintiff was qualified for the other positions she applied to and was rejected for. Defendant further argues that Plaintiff cannot establish that these

9

positions were granted to a male employee that was similarly or less qualified than her. Plaintiff points to two male employees who were promoted to the Field Project Supervisor position in 2008. Plaintiff alleges that she had more work experience and education than these male employees, both of whom worked as hourly employees and had less supervisory experience than Plaintiff prior to their promotion. In contrast, Plaintiff had supervisory experience in several different departments at Wal-Mart and had previously worked as a Support Manager. Defendant also contends that Plaintiff was not similarly situated to the male employees because she voluntarily demoted from her previous supervisory position. However, Defendant does not establish what effect, if any, this self-demotion had on her job prospects. Defendant provides no further explanation for its contention that this separates these employees from Plaintiff such that there can be no meaningful comparison between them. There is a genuine issue of material fact as to whether male employees similarly or less qualified than Plaintiff received promotions that she applied to. Defendant's Motion for Summary Judgment [77] is denied as to Plaintiff's disparate pay and failure to promote claims.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [77] is denied.

Date: __February 14, 2017__


_____
JOHN W. DARRAH
United States District Court Judge